UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| JAMES ANDREW ARENDER, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | No. 1:15-cv-00153-AGF |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on Petitioner James Andrew Arender's motion filed under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence, based on *Johnson v. United States*, 135 S. Ct. 2551 (2015). *Johnson* held that the residual clause of the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), is unconstitutionally vague.[1] The government opposes Petitioner's motion and argues that *Johnson* does not affect Petitioner's sentence because Petitioner's prior convictions do not fall under the ACCA's residual clause. The Court agrees and will therefore deny Petitioner's motion.

---

1   The ACCA imposes an increased prison term upon a criminal defendant convicted of being a felon in possession of a firearm, if that defendant has had three or more previous convictions for a "violent felony," a term defined to include any felony that "involves conduct that presents a serious potential risk of physical injury to another." 18 U.S.C. § 924(e)(2)(B)(ii). This catch-all part of the definition of a violent felony has come to be known as the ACCA's "residual clause."

## BACKGROUND

On June 4, 2013, Petitioner pled guilty to being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1).  After the plea, the United States Probation Office issued a presentence investigation report ("PSR"), which stated that Petitioner had the following prior felony convictions for offenses qualifying as violent felonies under the ACCA:  (1) aggravated burglary in Tennessee in 2003, (2) aggravated assault in Tennessee in 2006, and (3) second-degree burglary in Missouri in 2008.  On October 10, 2013, Petitioner filed an objection to the PSR, contending that his Tennessee conviction for aggravated assault was not a violent felony under the ACCA.

On October 22, 2013, following a sentencing hearing, the Court overruled Petitioner's objection, adopted the PSR, and sentenced Petitioner as an armed career criminal to 180 months in prison and a two-year term of supervised release.  Petitioner appealed, and on June 20, 2014, the Eighth Circuit affirmed, holding that Petitioner's Tennessee aggravated assault conviction was a violent felony under the ACCA because it "ha[d] as an element the threatened use of physical force against another person, capable of causing pain or injury."  *United States v. Arender*, 560 F. App'x 648, 649 (8th Cir. 2014).

Petitioner now moves to vacate, set aside, or correct his sentence, arguing that, in light of *Johnson*, his prior convictions for Tennessee aggravated burglary and Missouri second-degree burglary no longer qualify as predicate offenses under the ACCA.[2]

---

[2]      Petitioner concedes that, under the binding precedent of *United States v. Sykes*, 844 F.3d 712 (8th Cir. 2016), discussed in more detail below, his Missouri conviction for

Petitioner does not challenge the classification of his Tennessee aggravated assault conviction as a predicate offense under the ACCA.  The government responds that both burglary convictions remain violent felonies under a different clause of the ACCA—the "enumerated offenses clause"—which was unaffected by *Johnson*.[3]

## DISCUSSION

In order to prevail on a § 2255 motion involving an ACCA conviction, "the movant carries the burden of showing that the Government did not prove by a preponderance of the evidence that his conviction fell under the ACCA." *Givens v.*

---

second-degree burglary of a building would qualify as a predicate offense under the ACCA; but Petitioner continues to assert his argument to the contrary to preserve the issue for appeal.

[3]    The government also argues that Petitioner's § 2255 motion was not filed within the one-year limitation period set forth in § 2255(f).  The government acknowledges that if Petitioner's motion asserts a claim based on *Johnson*, it would be timely under § 2255(f)(3), permitting motions to be filed within one year of "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review."  However, the government argues that Petitioner's motion is not truly based on *Johnson*, but is instead based on two other Supreme Court decisions, *Descamps v. United States*, 133 S. Ct. 2276 (2013), and *Mathis v. United States*, 136 S. Ct. 2243 (2016), which did not recognize a new right.

   Courts within this District have uniformly rejected this argument.  *See Redd v. United States*, No. 4:16-CV-1665 CAS, 2017 WL 633850, at *3 (E.D. Mo. Feb. 16, 2017) (collecting cases); *but see United States v. Sonczalla*, No. CR 07-187 (RHK), 2016 WL 4771064, at *2 (D. Minn. Sept. 12, 2016 (holding that a § 2255 motion was not timely under § 2255(f)(3) because the movant's "*Mathis* argument [did] not raise a claim based on a right newly recognized by the Supreme Court and made retroactively applicable on collateral review").  Rather than addressing the timeliness argument in detail, the Court will proceed to address the merits of Petitioner's claims.  *See English v. United States*, 840 F.3d 957, 958 (8th Cir. 2016) (holding that § 2255's one-year limitations period is not jurisdictional); *Trussell v. Bowersox,* 447 F.3d 588, 590 (8th Cir. 2006) (holding that a court may disregard a non-jurisdictional statute of limitations issue in the interest of judicial economy).

*United States*, No. 4:16-CV-1143 CAS, 2016 WL 7242162, at *2 (E.D. Mo. Dec. 15, 2016) (citations omitted).

As noted above, the ACCA increases the prison term for a person convicted of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g), to a minimum of 15 years in prison if the person has had three or more previous convictions for a "violent felony." 18 U.S.C. § 924(e)(1). The ACCA defines "violent felony" as:

> any crime punishable by imprisonment for a term exceeding one year . . . that—
>
> (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or
>
> (ii) is burglary, arson, or extortion, involves use of explosives, or *otherwise involves conduct that presents a serious potential risk of physical injury to another*[.]

18 U.S.C. § 924(e)(2)(B) (emphasis added).

The italicized language is the "residual clause" invalidated by *Johnson*, in a rule that applies retroactively to cases on collateral review. *Welch v. United States*, 136 S. Ct. 1257, 1268 (2016). But the remaining clauses, including subsection (i) (the "elements clause") and the first part of subsection (ii) (the "enumerated offenses clause") are still effective. *Johnson*, 135 S. Ct. at 2563 ("Today's decision does not call into question application of the [ACCA] to the four enumerated offenses, or the remainder of the [ACCA's] definition of a violent felony.").

To determine whether a prior burglary conviction is a violent felony under the ACCA's enumerated offenses clause, courts must apply the "categorical approach." *Mathis*, 136 S. Ct. at 2247-48. Specifically, courts must compare the elements of the

4

statute under which the criminal defendant was convicted with the "generic" definition of burglary set forth in *Taylor v. United States*, 495 U.S. 575, 598-99 (1990). *Descamps*, 133 S. Ct. at 2283. *Taylor* defines "generic" burglary as "an unlawful or unprivileged entry into, or remaining in, a building or other structure, with intent to commit a crime." *Taylor*, 495 U.S. at 598. "[I]f the crime of conviction covers any more conduct than the generic offense, then it is not an ACCA 'burglary'—even if the defendant's actual conduct (i.e., the facts of the crime) fits within the generic offense's boundaries." *Mathis*, 136 S. Ct. at 2248.

Many state burglary statutes are phrased alternatively, with some alternatives defined more broadly than generic burglary. Courts faced with such an over-inclusive statute must first decide whether the statute is divisible. To do this, "*Mathis* explained that . . . the court must determine whether the listed alternatives are elements of different crimes or factual means of satisfying a single element of a single crime." *United States v. McArthur*, No. 14-3335, 2017 WL 744032, at *6-*7 (8th Cir. Feb. 23, 2017). "Elements are the things the prosecution must prove to sustain a conviction," whereas "[m]eans are how a given defendant actually perpetrated the crime." *United States v. Lamb*, 847 F.3d 928, 931 (8th Cir. 2017) (citing *Mathis*, 136 S. Ct. at 2248, 2251). "To distinguish between elements and means, federal sentencing courts should look at authoritative sources of state law such as a state court decision that definitively answers the question, or the statute's text," and "[i]f necessary, the court may peek at the record of the prior conviction, but only to determine if the statutory alternatives are elements or means." *Id*.

If the alternatives are elements, the statute is "divisible," and the court may apply a "modified categorical approach," by which the court should "review the record materials to discover which of the enumerated alternatives played a part in the defendant's prior conviction, and then compare that element (along with all others) to those of the generic crime." *Mathis*, 136 S. Ct. at 2256. But if the alternatives are means, then the statute is indivisible, and the court is limited to the categorical approach, "looking to the elements of the offense as defined in the statute of conviction rather than to the facts underlying the conviction." *United States v. Parrow*, 844 F.3d 801, 802 (8th Cir. 2016).

At issue in *Mathis* was Iowa's burglary statute, which criminalized burglary of an "occupied structure," defined in a separate section of the statute as "any building, structure, . . . , land, water or air vehicle, or similar place adapted for overnight accommodation of persons, or occupied by persons for the purpose of carrying business or other activity therein, or for the storage or safekeeping of anything of value, . . . whether or not a person is actually present." Iowa Code § 702.12 (cited by *Mathis*, 136 S. Ct. at 2250). The Supreme Court was primarily concerned with whether this statute was divisible, and concluded that it was not because it listed alternative means of satisfying "a single locational element," rather than alternative elements. *Mathis*, 136 S. Ct. at 2251. But the Supreme Court also found, and all parties agreed, that the Iowa statute's inclusion of land, water or air vehicles covered more conduct than generic burglary. *Id.* at 2251.

6

**Missouri Second-Degree Burglary**

As the government correctly notes and as Petitioner acknowledges, the Court is bound by the Eighth Circuit's recent decision in *United States v. Sykes*, 844 F.3d 712 (8th Cir. 2016), which forecloses Petitioner's argument with respect to his Missouri second-degree burglary conviction. Under Missouri law, "[a] person commits the crime of burglary in the second degree when he knowingly enters unlawfully or knowingly remains unlawfully in a building or inhabitable structure for the purpose of committing a crime therein.'" Mo. Rev. Stat. § 569.170.1. In *Sykes*, the Eighth Circuit found that this statute is divisible as to location of the burglary because it "contains at least two alternative elements: burglary 'of a building' and burglary of 'an inhabitable structure,'" and it is therefore appropriate to apply the modified categorical approach to determine which alternative element the past conviction fell under. *Sykes*, 844 F.3d at 715. The Eighth Circuit held that the alternative of "[s]econd-degree burglary of a building conforms to the elements of a generic burglary promulgated in *Taylor*," and a past conviction under this alternative qualifies as a violent felony under the ACCA's enumerated offenses clause. *Id.* Applying the modified categorical approach here, it is undisputed that Petitioner's Missouri second-degree burglary conviction was for burglary of a building. Therefore, this conviction qualifies as a violent felony under the ACCA.

**Tennessee Aggravated Burglary**

Petitioner's Tennessee aggravated burglary conviction presents a closer question, but the Court concludes that this conviction, too, is a violent felony under the ACCA's

7

enumerated offenses clause.[4]  Under Tennessee law, "[a]ggravated burglary is burglary of a habitation as defined in §§ 39-14-401 and 39-14-402."  Tenn. Code Ann. § 39-14-403.

Section 401, the "Definitions" section of the Tennessee statute, defines "habitation" as follows:

(1) "Habitation":

(A) Means any structure, including buildings, module units, mobile homes, trailers, and tents, which is designed or adapted for the overnight accommodation of persons;

(B) Includes a self-propelled vehicle that is designed or adapted for the overnight accommodation of persons and is actually occupied at the time of initial entry by the defendant; and

(C) Includes each separately secured or occupied portion of the structure or vehicle and each structure appurtenant to or connected with the structure or vehicle[.]

Tenn. Code Ann. § 39-14-401(1).

Section 402 is Tennessee's general burglary statute, which provides:

(a) A person commits burglary who, without the effective consent of the property owner:

(1) Enters a building other than a habitation (or any portion thereof) not open to the public, with intent to commit a felony, theft or assault;

(2) Remains concealed, with the intent to commit a felony, theft or assault, in a building;

---

[4]    As the parties note, the Sixth Circuit, whose jurisdiction includes Tennessee, has agreed to consider, en banc, whether Tennessee aggravated burglary is a violent felony under the ACCA post-*Johnson* and post-*Mathis*.  *See United States v. Stitt*, 646 F. App'x 454 (6th Cir. 2016).  But this Court granted Petitioner's request to expedite resolution of his § 2255 motion without waiting for a decision in *Stitt*.

8

 (3) Enters a building and commits or attempts to commit a felony, theft or assault; or

 (4) Enters any freight or passenger car, automobile, truck, trailer, boat, airplane or other motor vehicle with intent to commit a felony, theft or assault or commits or attempts to commit a felony, theft or assault.

Tenn. Code Ann. § 39-14-402(a).

Interpreting these statutes, the Tennessee Supreme Court has consistently defined aggravated burglary as "entering a habitation without the owner's effective consent and with the intent to commit a felony." *State v. Langford*, 994 S.W.2d 126, 129 (Tenn. 1999). Aggravated burglary under § 403 is a Class C felony; burglary under § 402(a)(1), (2), or (3) is a Class D felony; and burglary under § 402(a)(4) is a Class E felony. *Id.* §§ 39-14-402, 39-14-403.

Petitioner argues that the definition of "habitation" incorporated into the Tennessee aggravated burglary statute is indivisible, setting forth factual means by which the single locational element of "habitation" may be proven. Therefore, Petitioner argues, the Court must apply the categorical approach. Under that approach, Petitioner argues that the statutory definition of habitation does not conform to the locational element of generic burglary set forth in *Taylor* because it "criminalizes entry into tents and vehicles in addition to . . . 'buildings and structures.'" ECF No. 17 at 6.

Using the tools suggested in *Mathis*, the Court agrees that § 401(1)'s definition of "habitation" appears to be indivisible. Although the parties have not cited, and the Court has not found, any Tennessee cases explicitly addressing this issue, as discussed above, the Tennessee Supreme Court has consistently defined the crime of aggravated burglary

9

to include the locational element of "habitation," without suggesting that a jury need agree on the type of habitation burgled.  Moreover, the fact that the definition of "habitation" is contained in a separate definitional section of the Tennessee criminal statutes, rather than a section stating a criminal offense, supports the conclusion that "habitation" is the element of the crime, and the non-exhaustive list of locations in § 401(1) merely contains the factual means by which the element may be satisfied.  *See United States v. Headbird*, 832 F.3d 844, 849 (8th Cir. 2016) ("The fact that the definition of 'dangerous weapon' is contained in a separate section of the Minnesota criminal statutes provides textual support for the conclusion that 'with a dangerous weapon' is intended as an element of the crime and that the list of dangerous weapons contains means by which that element may be committed.") (citation omitted).  Finally, a "peek" at the record of Petitioner's prior convictions, as summarized in the PSR in Petitioner's criminal case, reveals that Petitioner was convicted of unlawfully entering a "habitation" without specifying the type of habitation, suggesting that the particular type of habitation was not a required element.  *United States v. Arender*, No. 1:12-cr-00111-AGF, ECF No. 46 at 8 (Oct. 15, 2013).

      But treating the definition of "habitation" as indivisible simply means that the Court must apply the categorical approach to determine whether the statutory definition conforms to the generic definition of burglary.  And the Eighth Circuit, applying the categorical approach, has held that Tennessee aggravated burglary under § 403 "qualifies as a generic burglary offense and is *categorically* a violent felony."  *United States v. Pledge*, 821 F.3d 1035, 1037 (8th Cir. 2016) (emphasis added), *cert. denied*, 137 S. Ct.

10

258 (Oct. 3, 2016). The Eighth Circuit cited the Sixth Circuit case, *United States v. Priddy*, 808 F.3d 676 (6th Cir. 2015), which also held "the Tennessee aggravated burglary statute is a generic version of the crime of burglary" and a conviction under this statute is therefore "*categorically* a violent felony under the ACCA's enumerated-offense clause." *Priddy*, 808 F.3d at 684 (emphasis added).

As Eighth Circuit precedent, *Pledge* "is controlling [on this Court] until overruled by [the Eighth Circuit] en banc, by the Supreme Court or by Congress." *See NM. ex rel L.R. v. Special Sch. Dist. No. 1*, 512 F.3d 455, 459 (8th Cir. 2008). Although *Pledge* was decided shortly before *Mathis* (but after *Johnson*), the Court believes that *Pledge* remains good law.[5]

As discussed above, *Mathis* was primarily concerned with the question of whether a statute is divisible; the parties agreed in *Mathis* that the definition of "occupied structure" in the Iowa burglary statute at issue covered more conduct than generic burglary. The definition of "habitation" incorporated into the Tennessee aggravated burglary statute may be indivisible, but it does not sweep as broadly as the Iowa burglary statute.

Although both statutes reference "vehicles," the Tennessee statute is limited to trailers and mobile homes "designed or adapted for the overnight accommodation of persons," and to self-propelled vehicles so designed or adapted and also "actually occupied at the time of initial entry by the defendant." Tenn. Code Ann. § 39-14-401.

---

[5] Indeed, the Supreme Court declined to review the Eighth Circuit's decision in *Pledge* several months after *Mathis* was decided.

11

These limitations support the Eighth Circuit's holding in *Pledge* that the Tennessee aggravated burglary statute conforms to the generic burglary definition set forth in *Taylor*. *See Pledge*, 821 F.3d at 1037; *see also United States v. Spring*, 80 F.3d 1450, 1462 (10th Cir. 1996) (holding that "the statutory elements of burglary of a habitation under Texas law substantially correspond[ed] to the generic elements of burglary contained in *Taylor*," even though "habitation" was defined to include "vehicles," because the statute limited vehicles covered to those "adapted for the overnight accommodation of persons").[6]

Further supporting the continued validity of the Eighth Circuit's holding in *Pledge* is the fact that, in defining generic burglary, *Taylor* intended to "approximate[]" the Model Penal Code in effect at the time the decision was rendered. *Taylor*, 495 U.S. at 598 n.8. The Model Penal Code at that time extended to "building[s] or occupied structure[s]," *id.*, and as other district courts have noted, defined "occupied structure" as "any structure, vehicle or place adapted for overnight accommodation of persons, or for carrying on business therein, whether or not a person is actually present." *Hammonds v. United States*, No. 2:05-CR-52-JRG-1, 2017 WL 922678, at *3 (E.D. Tenn. Mar. 3, 2017) (quoting Model Penal Code § 221.0 (1990)). Therefore, while there is credible

---

[6] In an unpublished, per curiam opinion, the Eighth Circuit agreed with *Spring* and held that the Texas burglary statute, which "defined burglary as entry into a 'habitation,' including a 'vehicle that is adapted for the overnight accommodation of persons' . . . [met] the generic burglary definition." *United States v. Wallis*, 100 F.3d 960 (8th Cir. 1996) (citing *Spring* with approval and noting that *Spring* rejected the argument that inclusion of "vehicle[s] adapted for the overnight accommodation of persons" rendered the statute nongeneric).

12

contrary authority in other circuits,[7] the Court is bound by the Eighth Circuit's holding that the Tennessee aggravated burglary statute categorically qualifies as generic burglary.

As a final matter, the Court notes that after Petitioner filed his motion but before briefing was complete, the Eighth Circuit issued an opinion in *United States v. McArthur*, No. 14-3335, 2017 WL 744032 (8th Cir. Feb. 23, 2017), which addressed the "intent" element of generic burglary.  Although Petitioner does not make any argument with respect to the "intent" element of his Tennessee conviction, the Court believes it is necessary to address because the Eighth Circuit stated in *McArthur* that its prior holding in *Pledge* did not "address[] the question of contemporaneous intent" and that *Pledge* therefore "[did] not establish circuit precedent on the issue."  *McArthur*, 2017 WL 744032, at *8 n.1.[8]

In *McArthur*, the Eighth Circuit held that Minnesota's third-degree burglary statute, which defined burglary to include "enter[ing] a building without consent and . . . commit[ing] a felony or gross misdemeanor while in the building," covered more conduct

---

[7] *See United States v. White*, 836 F.3d 437, 445-46 (4th Cir. 2016) (holding that West Virginia's burglary statute, which extended to "dwelling houses" defined to include "vehicle[s] primarily designed for human habitation and occupancy," was broader than generic burglary under the categorical approach); *United States v. Grisel*, 488 F.3d 844, 856 n.5 (9th Cir. 2007) (en banc) (holding the same with respect to an Oregon burglary statute that was limited to "vehicles, booths, boats, and aircraft that are used for human habitation," and overruling prior Ninth Circuit precedent suggesting that "non-buildings adapted for overnight accommodation" would satisfy the categorical inquiry because those cases "failed to recognize that *Taylor* jettisoned analyzing the *use* of an object in favor of analyzing the *nature* of the object").

[8] *McArthur* did not limit *Pledge*'s holding with regard to the definition of "habitation" in the Tennessee aggravated burglary statute.  Nor has the Court found any other Eighth Circuit precedent limiting *Pledge* in this regard.

13

than generic burglary because it did "not require that the defendant have formed the intent to commit a crime at the time of the nonconsensual entry or remaining in" a building or other structure, as *Taylor* required. *McArthur*, 2017 WL 744032, at *8.

To the extent that the Tennessee aggravated burglary statute incorporates Tenn. Code Ann. § 39-14-402(a)(3), which provides that "[a] person commits burglary who, without the effective consent of the property owner . . . [e]nters a building and commits or attempts to commit a felony, theft or assault," it appears to suffer from the same overbreadth problem.[9]

However, upon careful review of the statute, the subsections of § 402(a), including § 402(a)(3), appear to present alternative elements of different crimes, rather than factual means of satisfying a single element of a single crime. These alternatives are set forth within the section of the statute that states the offense of burglary, rather than a separate definitional section; are separated by the disjunctive "or"; and carry separate felony classifications. *See Headbird*, 832 F.3d at 849 ("The Minnesota Legislature's use of the term 'dangerous weapon' both standing alone, and within disjunctive lists, also indicates that it is intended to be an element of a crime."). Additionally, at least one unpublished decision of the Tennessee Court of Appeals describes § 402(a)(1) and § 402(a)(3) as

---

[9] It is questionable whether the Tennessee aggravated burglary statute, § 403, in fact incorporates the entirety of the § 402(a) general burglary statute, including § 402(a)(3). As discussed above, the Tennessee Supreme Court has generally defined aggravated burglary to incorporate only § 402(a)(1)'s entry "with intent to commit a felony, theft or assault." *See Moore v. State*, 485 S.W.3d 411, 425 (Tenn. 2016) (holding that "the elements distinguishing [aggravated burglary] from the . . . lesser-included offenses of burglary, aggravated criminal trespass, and criminal trespass are (1) entry into a habitation and (2) intent to commit a felony, theft, or assault"). But because § 403 on its face is not so limited, the Court will assume that § 403 incorporates § 402(a)(3).

14

"different element[s]" of the same offense.  *State v. Smith*, No. W2011-01630-CCA-R3CD, 2013 WL 3702369, at *7 (Tenn. Crim. App. July 12, 2013).

Therefore, the Court may apply the modified categorical approach, and look to the record materials to find that Petitioner was convicted of "unlawfully, knowingly, and feloniously enter[ing] the habitation of D.J. and S.L., without the effective consent of the property owner . . . *with the intent to commit a theft or a felony therein*."  *United States v. Arender*, No. 1:12-cr-00111-AGF, ECF No. 46 at 8 (Oct. 15, 2013) (emphasis added).  This record confirms that Petitioner's Tennessee aggravated burglary conviction included a contemporaneous intent element that conforms to the definition of generic burglary.

## CONCLUSION

For the reasons set forth above, the Court will deny Petitioner's § 2255 motion.  However, given the rapidly evolving and nuanced law in this Circuit interpreting *Johnson* and *Mathis*, the Court finds that reasonable jurists would find the Court's assessment of Petitioner's claim regarding his Tennessee aggravated burglary conviction debatable.  Thus, the Court will issue him a Certificate of Appealability under 28 U.S.C. § 2253(c) with respect to that issue.  *See Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000) (setting forth the standard for issuing a Certificate of Appealability); *Langley v. Norris*, 465 F.3d 861, 862-63 (8th Cir. 2006) (same).

Accordingly,

**IT IS HEREBY ORDERED** that Petitioner James Andrew Arender's motion filed under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence is **DENIED**.

**IT IS FURTHER ORDERED** that a Certificate of Appealability shall issue with respect to Petitioner's claim regarding his Tennessee aggravated burglary conviction.

A separate Judgment shall accompany this Memorandum and Order.

                                                                                               */s/ Audrey G. Fleissig*
                                                                                               AUDREY G. FLEISSIG
                                                                                               UNITED STATES DISTRICT JUDGE

Dated this 3rd day of April, 2017.